Lindsay Layne et al. *v.* J. M. Davidson.

[Abstract Kentucky Law Reporter, Vol. 3—621.]

**Validity of Sheriff's Sale.**

> Where there are irregularities on the part of the sheriff in making a sale of real estate, caused by his omissions to pursue the directory provisions of the statute, and the purchaser does not participate in such irregularities or illegalities, they will not invalidate the sale.

APPEAL FROM FLOYD CIRCUIT COURT.

February 18, 1882.

Opinion by Judge Hargis:

The value of the land as proven by one of the appraisers and others shows that they made a mistake in its appraisement, and had the appellants offered to redeem they should have been allowed to do so; but having failed to offer to redeem or make any legal excuse for such failure, the appellants were not entitled to that privilege, for had the land been appraised at $500 and no redemption or offer to redeem had been made within 12 months, by paying or tendering the purchase-money and interest, the appellants would have been cut off from the right and privilege of redemption. When the judgment was rendered below more than one year had expired from the day of sale, and yet no offer to redeem was made.

The irregularities, if there be any, in advertising and making the sale, are not such as to render the sale void.

Davidson was not privy to the irregularity or defect in the advertisement, nor did he participate in or advise any of the steps or proceedings which the sheriff had in relation to the sale or appraisement; nor does he claim any of Lindsay Layne's land, and the proof fails to show that the sheriff's deed embraces any of it.

According to the cases of *Kilby v. Haggin*, 3 J. J. Marsh. (Ky.) 208, and *Faris v. Banton*, 6 J. J. Marsh. (Ky.) 235, Davidson not having participated in the alleged illegalities, which consist in alleged omissions to pursue the directory provisions of the statute, they do not invalidate the sale.

Judgment *affirmed*.

*Weddington & Stuart*, for appellants.

*William Lindsay*, for appellee.